# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TOD N. ROKEFELLER,
former ENVIRONMENTAL SCIENTIST,
WIPP SITE TEAM,
CARLSBAD AREA OFFICE,
UNITED STATES
DEPARTMENT OF ENERGY,

        Plaintiff,

v.     Civ. No. 01-399 JP/LCS - ACE

SPENCER ABRAHAM, in his official capacity
as SECRETARY, UNITED STATES
DEPARTMENT OF ENERGY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On January 17, 2002, Defendant filed a motion for summary judgment (Doc. No. 35). Defendant's motion for summary judgment seeks to dismiss Plaintiff's Original Complaint (Doc. No. 1), which includes allegations of (1) retaliation in violation of Title VII, (2) violations of the whistle-blower provisions of the Toxic Substances Control Act (TSCA), the Safe Drinking Water Act (SDWA), and the Comprehensive Environmental Response, Compensation, and Liability Act, (CERCLA), (3) violations of the federal regulations concerning the manner in which equal employment opportunity complaints are handled, and (4) violations of the United State's constitution. On March 19, 2002, after the parties had fully briefed the motion, the Court heard oral argument. Having considered the arguments, the facts, and the law, the Court will grant summary judgment on Plaintiff's Original Complaint.

*Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that a genuine issue of material fact exists. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id.* To withstand a motion for summary judgment, the non-movant must make "specific reference" to evidence in the record. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); D.N.M. LR-Civ. 56.1(b) (placing similar burden on both parties). Unsubstantiated allegations, no matter how true they might be, cannot be considered. *Gross*, 53 F.3d at 1546.

*Title VII Retaliation*

Plaintiff maintains that after Plaintiff sought assistance from the equal employment opportunity office at the Department of Energy (DOE), Defendant began retaliating against him. The alleged retaliation consisted of 52 telephone calls to Plaintiff's home, which Plaintiff considers harassment, and Plaintiff's inability to secure a new job after the DOE terminated his employment, which Plaintiff considers to be prima facie evidence that the DOE blacklisted him from future employment opportunities. Defendant denies all charges of retaliation.

2

The 52 Telephone Calls

Plaintiff asserts that during a period when Plaintiff was making public comments about potential safety violations at the DOE, he began receiving odd telephone calls. When Plaintiff would answer the telephone, he would be greeted with silence. Although Plaintiff attempted to have the calls traced, he never learned who was making the calls. Nonetheless, because some of the calls took place on the same days that Plaintiff brought his allegations of safety violations to public forums, Plaintiff attributes the calls to a retaliation campaign on the part of the DOE to harass and intimidate Plaintiff.

Plaintiff offers no specific evidence that any of the 52 calls were made by DOE employees. Even if he could create a genuine issue of material fact with specific evidence, such calls do not rise to the level of an adverse employment action upon which to build a Title VII retaliation case. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) ("While the calls were no doubt annoying, they do not amount to adverse employment action.").

Blacklisting

Although Plaintiff alleges that Defendant has prevented him from securing employment since his termination, Plaintiff offers no specific evidence that he was blacklisted by Defendant. Without some evidence (other than Plaintiff's unreasonable speculation) that his former colleagues at the DOE somehow influenced a potential employer's decision not to hire Plaintiff, summary judgment is appropriate.

*Whistle-blowing*

Plaintiff asserts statutory causes of action under the whistle-blower provisions of SDWA, TSCA, and CERCLA. However, those Acts each require that a plaintiff file his whistle-blower

complaint with the Secretary of Labor for administrative review before seeking judicial review. *See* 15 U.S.C. § 2622(b)(1); 42 U.S.C. § 300j-9(i)(2)(A); 42 U.S.C. § 9610(b). At oral argument, Plaintiff conceded that he never filed an administrative complaint with the Secretary of Labor addressing these particular statutory claims. Therefore the Court will grant summary judgment on these claims, but without prejudice in order to provide Plaintiff with an opportunity to exhaust his administrative remedies in the event that they are not time barred.

The Court notes that the statutory provisions of SDWA and TSCA authorize judicial review of the Department of Labor administrative decisions by the circuit, not district, courts. 15 U.S.C. § 2622 (c)(1); 42 U.S.C. § 300j-9(i)(3)(A). Thus, should Plaintiff exhaust his administrative remedies under SDWA or the TSCA, further judicial review of the administrative decisions should be directed to the Court of Appeals for the Tenth Circuit.

*Handling of Plaintiff's EEOC Complaint*

Plaintiff asserts that he can maintain a cause of action against Defendant because the EEOC counselor at the DOE initially refused to process his fifth EEOC complaint in October 1999. Plaintiff admits that the same office accepted his complaint for processing in December 1999. However, Plaintiff claims that Defendant violated a federal regulation that directs EEOC counselors not to "attempt in any way to restrain the aggrieved person from filing a complaint." 29 C.F.R. 1614.105(g). When asked by the Court, Plaintiff could demonstrate no damages from the delay in processing his complaint. Further, the law is clear that a violation of a federal regulation governing the handling of Plaintiff's EEOC complaint does not create an independent cause of action under Title VII. *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991) ("The circuits which have addressed the issue have uniformly held that no cause of action

4

against the EEOC exists for challenges to its processing of a claim."); *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (holding that once the claim was in federal court, the proper course of action for a plaintiff whose claim was mishandled "is to bring a lawsuit against the plaintiff's employer on the merits"). Because Plaintiff is in district court on the merits of his EEOC complaint, summary judgment is warranted on Plaintiff's claim that Defendant unlawfully restrained Plaintiff from filing an EEOC complaint.

*Constitutional Violations*

Plaintiff alleges that Defendant violated his rights under the First and Fifth Amendments to the United States constitution.[1] Defendant has argued, correctly, that Plaintiff has no recourse to allege discrimination under the Fifth Amendment because Title VII preempts Plaintiff's constitutional claims regarding discrimination. *Brown v. General Services Administration,* 425 U.S. 820, 832 (1976). To the extent Plaintiff may have alleged Fifth Amendment violations aside from discrimination, Plaintiff has not demonstrated that a genuine issue of material fact is in dispute.

Further, to the extent Plaintiff asserts First Amendment claims aside from his alleged retaliation for speaking with EEOC officials, such claims are similarly preempted by the whistle-blower statutes. *Cf. Bush v. Lucas*, 462 U.S. 367 (1983) (holding that administrative remedies available to federal employees were sufficient to preclude actions for claims based on First Amendment retaliation). Because the whistle-blower provisions of TSCA, SWDA, and CERCLA are tailored to address the problems associated with free speech and workplace retribution, the

---

[1] Although Plaintiff asserted violations of the Fourteenth Amendment's equal protection clause in his Original Complaint, Plaintiff conceded at oral argument that the Fourteenth Amendment does not apply to Defendant, a federal employee.

failure to prevail on the provided statutory remedy precludes a constitutional claim for damages. Otherwise, the congressional allocation of administrative and judicial decision-making "would be eliminated by the simple expedient of putting a different label on the pleadings." *Brown,* 425 U.S. at 833 (internal quotations and punctuation omitted). Thus, summary judgment is required on Plaintiff's constitutional claims. Because Plaintiff's alleged First Amendment claims are closely associated with his statutory whistle-blower claims they also will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion for summary judgment (Doc. No. 35) directed to Plaintiff's Original Complaint will be GRANTED. Given that the Court will grant summary judgment on Plaintiff's Original Complaint, the Court will dismiss Plaintiff's claims as follows:

(1) Plaintiff's allegations of Title VII retaliation involving telephone harassment and blacklisting will be dismissed with prejudice;

(2) Plaintiff's allegations of violations of the whistle-blower provisions of the SDWA, TSCA, and CERCLA will be dismissed without prejudice;

(3) Plaintiff's alleged cause of action based on Defendant's violation of federal regulations concerning the handling of EEOC complaints will be dismissed with prejudice;

(4) Plaintiff's allegations of constitutional violations of the Fifth Amendment to the constitution of the United States will be dismissed with prejudice;

(5) Plaintiff's allegations of constitutional violations of the First Amendment to the constitution of the United States will be dismissed without prejudice.

IT IS FURTHER ORDERED that any causes of action Plaintiff may be attempting to assert based on Defendant's conduct that occurred before Plaintiff's termination are barred by res judicata, and should have been pursued in Plaintiff's former suit alleging disability discrimination and Title VII retaliation, *Rockefeller v. Abraham*, Nos. 00-2480 & 01-2054 (10th Cir. Nov. 15, 2001).

IT IS FURTHER ORDERED that all other pending motions are denied as moot. Additionally, the Court has considered Plaintiff's oral motion for reconsideration, which Plaintiff made at the hearing on March 19, 2002, along with Plaintiff's Statement of Alleged Defendant's Admissions in Civil Case No. 01-399 that Plaintiff tendered in open court, and denies Plaintiff's motion for reconsideration.

                                                                                            _____
                                                                                            CHIEF UNITED STATES DISTRICT JUDGE